IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIUSEPPE VIOLA,<br><br>    Petitioner,<br><br>  vs.<br><br>JOHN DOE,<br><br>    Respondent. | No. C 12-6138 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM** |

Petitioner, an Arizona prisoner proceeding pro se, filed this petition for a writ of habeas corpus ad prosequendum. On February 16, 2012, a criminal judgment was entered against him in this court. *See United States v. Viola*, No. 10-cr-0588 EJD. His appeal from that judgment is now pending in the United States Court of Appeals for the Ninth Circuit. He has since been returned to state prison in Arizona to continue serving his state conviction. On October 26, 2012, the Ninth Circuit granted his request to represent himself in his federal appeal in a federal case. In that order, the Ninth Circuit also ordered the Warden of the Arizona state prison where petitioner is currently incarcerated to provide him a typewriter and four hours per week of legal telephone calls.

In the present petition, he alleges that the Warden is not complying with the Ninth Circuit's order, and he seeks an order directing the United States Marshal to bring him from state prison in Arizona to this court to conduct a hearing to transfer him to an "appropriate" facility in the Bay Area where he can have access to "tools" and "resources" to allow him to pursue his federal appeal.

1  It is not clear whether this court has personal jurisdiction over petitioner's custodian in
2  Arizona. *See Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004) (in cases challenging present
3  physical custody, jurisdiction requires the custodian resides within the territorial jurisdiction of
4  the court); *see, e.g., Hassain v. Johnson*, 790 F.2d 1420, 1420 (9th Cir. 1986) (no jurisdiction in
5  federal court in California to address habeas petition from inmate incarcerated in Arizona). It
6  jurisdiction does lie here, the interests of justice do not require transferring him to a jail within
7  this district because the Ninth Circuit has ordered the Warden of his current prison to provide
8  him the tools and resources he needs to prosecute his appeal. To the extent that the Warden is
9  not complying, petitioner may seek enforcement the Ninth Circuit's order in the Ninth Circuit.
10 Accordingly, the petition is **DENIED.**

11 The clerk shall enter judgment and close the file.

12 **IT IS SO ORDERED.**

13 Dated: December __21__, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\VIOLA6138.DSM.wpd.